■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE LUIS GINES, Appellant.— Judgment, Supreme Court, Bronx County, rendered on February 23, 1972, affirmed. Concur — Markewich, J. P., Lane, Steuer and Tilzer, JJ.; Murphy, J., dissents in the following memorandum: Defendant was indicted for and convicted of the crimes of attempted robbery, attempted grand larceny and possession of a weapon. The female complainant testified that she first noticed defendant in the lobby of her building. Shortly thereafter defendant confronted her on the fourth floor, wielding a knife, and attempted to rob her. When the complainant responded that she had no money defendant allegedly "grabbed" her and "dragged" her to the roof. Defendant thereupon rummaged through her purse and bookbag, but found no currency. The complainant had ample opportunity to observe defendant during this period to give the police officers a description of her assailant and to make a positive identification of the defendant. Nevertheless, she was permitted to testify, over objection, to the commission of an uncharged rape. Since defendant claimed he was the victim of a mistaken identification, and presented alibi witnesses, an issue was clearly raised as to identification. At first blush, then, it would appear that an exception to the general rule in this State prohibiting

testimony pertaining to ·uncharged crimes had been established. (*People* v. *Molineaux*, 168 N. Y. 264.) The difficulty in applying the exception to the facts in this case is that the complainant testified that she did not observe defendant during the actual rape; only before and after it was committed. Accordingly, while testimony regarding the commission of the rape may have been admissible as part of the narrative (*People* v. *Cohen*, 5 N Y 2d 282; *People* v. *Acevedo*, 32 N Y 2d 941), the introduction of evidence as to the lurid and intimate details of the crime, such as penetration and ejaculation, was clearly irrelevant and obviously prejudicial. As the Court of Appeals stated in *People* v. *Schwartzman* (24 N Y 2d 241, 247): "The rules governing the admissibility of evidence of other crimes represent a balance between the probative value of such proof and the danger of prejudice which it presents to an accused." On the record before us the probative value of disclosures regarding the full particulars of the uncharged crime was far outweighed by the danger of its prejudicial effect. (Cf. *People* v. *Condon*, 26 N Y 2d 139.) Under such circumstances, a new trial should be directed.